UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT COLEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAINMAN, )<br>YARD, )<br>FRANK VANIHEL, )<br>HOLCOMB, )<br>)<br>Defendants. ) | No. 2:21-cv-00389-JPH-DLP |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Robert Coleman, an Indiana Department of Correction (IDOC) inmate currently housed at Westville Correctional Facility brings this civil rights action pursuant to 42 U.S.C. § 1983 based upon allegations related to his incarceration at Wabash Valley Correctional Facility (Wabash). Dkt. 1. Because Mr. Coleman is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Coleman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Coleman names as defendants Officers, Wainman, Yard, and Holcomb, and Warden Vanihel, all IDOC employees at Wabash. Dkt. 1. Mr. Coleman alleges that on May 13, 2021, "correctional officers" on his unit were conducting pat down searches as inmates exited the range to go to outside recreation. *Id.* at 2. He states that when officers previously searched another inmate, they found that the inmate had a shampoo bottle that contained a liquid substance determined to be feces. *Id.* at 3. When officers then searched a group of inmates, including Mr. Coleman, one of these inmates also possessed a similar bottle that went undetected by the officers. *Id.* This inmate made it outside with the bottle and threw it on Mr. Coleman. *Id.*

Mr. Coleman alleges that because the officers had already confiscated one bottle from another inmate, they "should of known something was up and should of conducted a strip search on each inmate." *Id.* Mr. Coleman states that the inmate who assaulted him was wearing a pair of gym shorts and the bottle was visible through his clothing and should have been detected. *Id.* He claims that the staff said that Mr. Coleman spit on this inmate and they were aware that there was "an incident" between the inmates. *Id.* at 4. But, instead of taking this inmate to another empty holding space away from Mr. Coleman, the officers uncuffed the inmate, made Mr. Coleman cuff up, and allowed the inmate to throw feces on him. *Id.* at 4.

Mr. Coleman states that he was told he could not have a shower until after photographs were taken to document the incident. *Id.* at 3. When he was in the shower, Mr. Coleman claims the first inmate who was caught with the shampoo bottle was in the shower wrestling with officers

and the bottle of feces broke open in the shower, shower cuff port, and floor. *Id.* Mr. Coleman alleges that he was made to shower in the same shower that had not been cleaned or decontaminated. *Id.* When he was in the shower, Warden Vanihel, Lt. Holcomb, and Captain Wainman entered the range, and Mr. Coleman "tried to explain the incidents" but they walked away. *Id.* He claims that Lt. Holcomb "was present for most of the incident already [and] knew of the conditions and unhealthy environment. *Id.* He claims that prison staff failed to protect him and exposed him to an unhealthy environment. *Id.*

Mr. Coleman seeks compensatory and punitive damages, and mental and emotional damages, by way of his complaint. *Id.* at 5.

### III. Discussion

Mr. Coleman's complaint fails to state a claim upon which relief may be granted for several reasons, and as such, **must be dismissed.**

**A. Claims Related to the Assault**

Mr. Coleman has not sufficiently pled any failure to protect claims regarding the assault. To state a claim for failure to protect, Mr. Coleman must allege that (1) the defendants' failure to protect him from the other inmate's assault with a bodily fluid posed a substantial risk of serious harm and (2) the defendants acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Damages for such claim "cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 1996). Here, Mr. Coleman has not named the defendants in the section of the complaint that discusses the assault and therefore has not alleged that they were responsible for any alleged failure to protect him from harm. *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged

constitutional deprivation.") (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Further, he has not alleged that the defendants knew that the other inmate posed a specific threat to him—or that he was in possession of a bodily fluid that he was going to use on Mr. Coleman to harm him. A general risk that inmates may smuggle prohibited items outside to recreation does not establish a failure to protect claim.

### B. Claims Related to the Contaminated Shower

Mr. Coleman's claim that he was made to take a shower in the same area where a confiscated shampoo bottle of feces had broken open, and that the shower was not decontaminated, must also be dismissed. Mr. Coleman does not allege that any individual defendant was responsible for forcing him to take a shower during this time or in this area. Mr. Coleman specifically states that "[d]uring the time he was in the shower," he tried to talk to Warden Vanihel, Lt. Holcomb, and Captain Wainman, but they walked away. This allegation does not indicate that any of these defendants forced Mr. Coleman to shower in a contaminated area, or that the Warden or Captain knew what occurred in the shower, until after it happened. Indeed, the allegations indicate that Mr. Coleman was already in the shower before the defendants entered the range. *Id.* at 4.

While Mr. Coleman alleges that Lt. Holcomb was present for most of the incident and knew of the conditions, this is insufficient to state a claim against him. "Exposure to human feces may violate the Eighth Amendment where no cleaning supplies and water are made available to manage the problem." *Cobian v. McLaughlin*, 804 F. App'x 398, 399 (7th Cir. 2020). Based upon the allegations, the contaminated bottle broke in the showers, an area presumably allowing access to running water.

Further, "[p]rison officials violate their constitutional responsibility to provide inmates with the minimal necessities of life when they disregard over a significant period an inmate's

4

request to be relieved from exposure to human feces." *Nelson v. Okoro*, 2018 WL 6173463, at *2 (E.D. Wis. Nov. 26, 2018) (quoting *Cobian v. McLaughlin*, 717 F. App'x 605, 611 (7th Cir. 2017)). Mr. Coleman has not alleged that his exposure to human feces was prolonged or continuous such that it would support an Eighth Amendment claim, nor does he allege how he was injured by this single exposure. *See, e.g., Cobian*, 717 F. App'x at 605 (exposure to fecal matter spread around segregation cell for a month); *Johnson v. Pelker*, 891 F.2d 136 (7th Cir. 1989) (exposure to fecal matter spread on walls of segregation cell for three days without running water and denied access to cleaning supplies).

### IV. Opportunity to Amend

Mr. Coleman's complaint fails to state a claim upon which relief may be granted. However, the dismissal of the plaintiff's complaint will not lead to dismissal of the action at present. Instead, Mr. Coleman shall have **through April 8, 2022, to amend his complaint** to cure the deficiencies as outlined by the Court above.

An amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation that Mr. Coleman wishes to pursue in this action and identify which defendants are responsible for each alleged constitutional violation. It must also have the proper case number, 2:21-cv-00389-JPH-DLP, and the words "Amended Complaint" on the first page.

If Mr. Coleman files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If he fails to do so, this action will be dismissed without further notice for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Date: 3/11/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT COLEMAN
179553
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391